830 F.Supp. 1279 (1993)
Pamela FELTER, Charles Felter and Sara Felter, by her parents and legal guardians Pamela and Charles Felter, Plaintiffs,
v.
CAPE GIRARDEAU PUBLIC SCHOOL DISTRICT, Neyland G. Clark, The Missouri Department of Elementary and Secondary Education and Robert E. Bartman, Defendants.
No. 1:92CV 0014 SNL.
United States District Court, E.D. Missouri, S.D.
August 17, 1993.
Gail A. Wechsler, Missouri Protection & Advocacy Services, St. Louis MO, Michael H. Finkelstein & Kevin Allen Thompson, Missouri *1280 Protection & Advocacy Services, Jefferson City, MO, for plaintiffs.
John J. Horgan, Sr., Moser and Marsalek, St. Louis, MO, Edwin H. Steinmann, Jr., Asst. Atty. Gen., Jefferson City, MO, for defendants.

MEMORANDUM AND ORDER
LIMBAUGH, District Judge.
This matter is before the Court upon plaintiffs' Motion for Contempt and the state defendants' Motion to be Dropped as a Party or Alternatively, Motion for Relief from Injunction. Plaintiff has filed a Motion for Contempt, stating that the school district defendants and the state defendants have failed to comply with the Order entered by this Court on January 19, 1993. All defendants have responded to plaintiffs' Motion for Contempt and the state defendants have additionally moved to be dropped as a party in the suit or, alternatively, for relief from the injunction entered by this Court.
In the January 19, 1993 Order, this Court ordered the defendants to:
provide transportation to plaintiff Sarah Felter from the sidewalk of her parochial school to the special education classes she attends at the public school for so long as she receives special education classes at a public school pursuant to IDEA.
Felter v. Cape Girardeau School District, 810 F.Supp. 1062 (E.D.Mo.1993). The state defendants argue that the provisions of this Order need not be applied to them, but rather only to the school district defendants. They argue that the state defendants are not necessary parties to this cause because: (1) the requested transportation service can be effected by an Order from this Court solely to the Cape Girardeau Public School District and then the school district can file any actions necessary to receive funding for the provided transportation against the state in a state court action; or (2) the duty to provide transportation to Sarah Felter is a duty owed solely by the local school district.
Plaintiffs respond arguing that the state defendants are necessary parties to this action and any injunctive order entered in this cause should also be imposed upon the State of Missouri. Plaintiffs point out that the Individuals with Disabilities Education Act (hereinafter "IDEA") contains a special provision which authorizes the United States Department of Education to withhold a portion of a state's allotment and use it to provide services directly to children, if the state is "prohibited by law from providing for the participation in special programs of children with disabilities enrolled in private elementary and secondary schools...." 20 U.S.C. § 1413(d). Plaintiffs further point out that the Department of Elementary and Secondary Education (hereinafter "DESE") did not choose to exercise this provision and the Missouri State Plan provides that "all children with disabilities enrolled in private schools shall have the opportunity to receive special education and related services provided at public expense and in conformity with an IEP." Exhibit B, DESE Brief. Finally, the IDEA sets out the eligibility requirements which a state must meet in order to participate in the federal financial assistance program created by the IDEA and expressly provides that "[t]he state educational agency shall be responsible for assuring that the requirements of this subchapter are carried out...." 20 U.S.C. § 1412(6).
Thus, it is the opinion of this Court that the state defendants' Motion to be Dropped as a Party or Alternatively, Motion for Relief from Injunction should be denied because the transportation to be provided to Sarah Felter should be provided by the Cape Girardeau Public School District and the funding necessary to provide said transportation should be provided by the DESE. It would appear to the Court that the state defendants want to reargue the constitutionality of providing transportation to Sarah Felter, which has already been decided by this Court. No further issues need to be addressed by this Court, therefore, with regards to defendants' responsibility to provide transportation to Sarah Felter.
Accordingly,
IT IS HEREBY ORDERED that the state defendants' Motion to be Dropped as a Party, or in the Alternative, Motion for Relief from Injunction is DENIED.
*1281 IT IS FURTHER ORDERED that plaintiffs' Motion for Contempt is DENIED.
IT IS FINALLY ORDERED that the Cape Girardeau Public School District is hereby ordered to immediately provide the necessary transportation to Sarah Felter as previously ordered by this Court, either through actual physical transportation or through reimbursement of the expenses reasonably necessary to provide said transportation. The Department of Elementary and Secondary Education is hereby ordered to provide the necessary funding for said transportation. A party's continued failure to comply with the orders of this Court will result in that party being held in contempt and the imposition of sanctions against said party.

ORDER
This matter is before the Court upon plaintiffs' Motion for Reimbursement and Attorney's Fees and Costs. It is the opinion of this Court that plaintiffs are entitled to reimbursement for the expenses and time in providing transportation to Sarah Felter in the full amount requested, $1,644.95. It is further ordered that plaintiffs are entitled to $22,000.00 as a reasonable amount for attorney's fees and costs in the present cause. The awards to plaintiff are to be equally assessed between the Missouri Department of Elementary and Secondary Education and the Cape Girardeau School District.
Accordingly, IT IS HEREBY ORDERED that plaintiffs' Motion for Reimbursement and Attorney's Fees and Costs is GRANTED. Plaintiffs are hereby awarded $1,644.95 for transportation reimbursement and $22,000.00 in attorney's fees and costs.